**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | | |
|---|---|---|
| **FRANKLIN DEAN UNDERWOOD, II,** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 7:12cv00628** |
| | ) | |
| **v.** | ) | <u>**MEMORANDUM OPINION**</u> |
| | ) | |
| **SOUTHWEST VIRGINIA REGIONAL JAIL** | ) | **By: Norman K. Moon** |
| **AUTHORITY- ABINGDON FACILITY,** | ) | **United States District Judge** |
| **Defendant.** | ) | |

Plaintiff, Franklin Dean Underwood, II, a Virginia inmate proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 against the Southwest Virginia Regional Jail Authority-Abingdon Facility.  Underwood alleges that he has been subjected to "cruel, needless, and unsual pain and suffering," that he has been subjected to "mental anguish," and that he has been denied adequate medical treatment all stemming from an injury to his ankle which occurred while he was in the recreation yard.  I find that Underwood's complaint fails to state a claim for relief against the named defendant and, therefore, I will dismiss it pursuant to 28 U.S.C. § 1915A(b)(1).

Underwood has named only the Southwest Virginia Regional Jail-Abingdon Facility as defendant to his action.  To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42 (1988).  "Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers."  *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 690 (1978).  Thus, a governmental entity, such as a regional jail authority, is liable under § 1983 only when the entity itself is a "moving force" behind the

deprivation.  *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981).  That is, the entity's official policy must have played a part in the alleged violation of federal law.  *Oklahoma City v. Tuttle*, 471 U.S. 808, 817–818 (1985).  Although a *pro se* complaint will be held to "less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted), a complaint must still "contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Here, Underwood has failed to show that any official policy of the Southwest Virginia Regional Jail-Abingdon Facility was responsible for the constitutional violations or injuries he allegedly suffered.[1]  Accordingly, I find that Underwood has failed to state a claim against the named defendant and therefore, I will dismiss his complaint pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk of the Court is directed to send copies of this memorandum opinion and the accompanying order to the parties.

ENTER: This 7th day of February, 2013.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[1] I note that nothing in its decision today precludes Underwood from bringing an action against those individuals he claims violated his rights, assuming he has exhausted his remedies in accordance with 42 U.S.C. § 1997e.

2